IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL FLETCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-411-AMG |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michael Fletcher ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 9, 10), and the parties have fully briefed the issues (Docs. 19, 24).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 13, 18). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.     **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment

or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*,

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History

Plaintiff filed an application for DIB on December 11, 2019, alleging a disability onset date of July 25, 2018. (AR, at 219-20). The SSA denied the application initially and on reconsideration. (*Id*. at 220-35, 237-57). Then an administrative hearing was held on February 22, 2021. (*Id*. at 161-203). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 81-100). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-7). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

### III.  The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 25, 2018, the alleged onset date.  (AR, at 86).  At Step Two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, supraspinatus tendinosis of the left shoulder, bipolar disorder, and anxiety disorder." (*Id*.)  At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id*.)  The ALJ then determined that Plaintiff had the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a), with the following additional limitations: occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; never climb ladders, ropes, or scaffolds; perform no overhead reaching with the left upper extremity and only occasional overhead reaching with the right upper extremity; frequent, but not constant, handling, fingering, and feeling bilaterally; can perform simple, routine, and repetitive work and make simple work-related decisions; can tolerate occasional interaction with supervisors, coworkers, and the public; can perform no production rate/pace jobs.

(*Id*. at 88).  At Step Four, the ALJ found that Plaintiff could not perform his past relevant work, but at Step Five he found that he could perform jobs existing in significant numbers in the national economy, such as escort vehicle driver and surveillance systems monitor.  (*Id*. at 92-93).  Accordingly, the ALJ found that Plaintiff had not been under a disability from July 25, 2018, through the date of the ALJ's decision.  (*Id*. at 93).

### IV.  Claims Presented for Judicial Review

Plaintiff raises one issue on appeal: that the ALJ's RFC is unsupported by substantial evidence.  (Doc. 19, at 3).  Specifically, Plaintiff claims that the ALJ "adopted"

Plaintiff's testimony at his hearing regarding his spine pain and limitations but improperly failed to consider certain other aspects of his testimony and omitted a sit/stand limitation in the RFC.  (Doc. 19, at 3-9).  In response, the Commissioner argues that substantial evidence supports the RFC, and that Plaintiff improperly requests that the Court "step into the ALJ's shoes and reweigh the record evidence." (Doc. 24, at 4-9).

## V. The ALJ Properly Considered Plaintiff's Symptoms.

### A. Legal Standards For Considering a Claimant's Symptoms

When evaluating a claimant's symptoms,[3] an ALJ must consider: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant has received; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning functional limitations and restrictions.  See Social Security Ruling ("SSR") 16-3p: Titles II & XVI: Evaluation of Symptoms in Disability Claims, 2017 WL 5180304, at *7-8 (S.S.A. Oct. 25, 2017).

The ALJ must determine whether the claimant's "statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and the other evidence of record." Id. at *7.[4]  If they are inconsistent, then the

---

[3] The SSA defines "symptom" as "the individual's own description or statement of his or her physical or mental impairment(s)." SSR 16-3p, 2017 WL 5180304, at *2.

[4] "This evaluation, previously termed the 'credibility' analysis, is now termed the 'consistency' analysis. See SSR 16-3p (superseding SSR 96-7p).  In practice, there is little substantive difference between a 'consistency' and 'credibility' analysis. See Brownrigg

ALJ "will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." *Id*. Consistency findings are "peculiarly the province of the finder of fact," and courts should "not upset such determinations when supported by substantial evidence." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008). Provided the ALJ sets forth the specific evidence he relies on in evaluating the consistency of the claimant's subjective complaints with other evidence, the ALJ "need not make a formalistic factor-by-factor recitation of the evidence." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) (quotation marks omitted). "[C]ommon sense, not technical perfection, is [the reviewing court's] guide." *Id*. Furthermore, the ALJ is entitled to resolve evidentiary conflicts. *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

### B. The ALJ's Symptom Analysis Is Supported By Substantial Evidence.

Plaintiff argues the ALJ's RFC is not supported by substantial evidence because it failed to account for each of the limitations described by Plaintiff in his hearing testimony and "completely omitted any consideration or discussion of a sit/stand option" despite Plaintiff's testimony that he cannot sit, stand, or walk for prolonged periods of time. (Doc. 19, at 5). Relevant to this contention, Plaintiff testified that he experienced worsening back

---

*v. Berryhill*, 688 Fed. App'x. 542, 545-46 (10th Cir. 2017) (finding that SSR 16-3p was consistent with prior approach taken by Tenth Circuit). Therefore, Tenth Circuit decisions regarding credibility analyses remain persuasive authority." *Tina G.B., v. Kijakazi*, 2021 WL 3617449, at *3, n.2 (N.D. Okla. Aug. 16, 2021). *See also Olson v. Comm'r, SSA*, 843 Fed. App'x 93, 97 n.3 (10th Cir. 2021) ("The Commissioner no longer uses the term 'credibility' in evaluating a claimant's statements. The analysis, however, remains substantially the same.") (internal citation omitted).

7

pain that he would typically rate a four on a scale of one-to-ten, and "quite often" worse than a four. (AR, at 180-81). He testified that his back pain was made worse by "[s]tanding in one spot for more than a few seconds" and "[s]itting for too long." (*Id*. at 181). He testified that he "can't hardly stand at all in one spot" and, if standing, he "ha[s] to be moving a little bit, but not for very long." (*Id*. at 184). He stated that he can be up walking "10 to 15 minutes" and can sit for "[a]bout an hour, if [he] got something to put [his] feet up on." (*Id*.) Finally, he testified that to relieve pain, he has to "get up" and "[m]ove around a little bit." (*Id*. at 185).

In his opinion, the ALJ summarized Plaintiff's testimony regarding his physical symptoms as follows:

> During the hearing, [Plaintiff] alleged disability due to a combination of his severe mental and physical impairments. **More specifically, [Plaintiff] testified that pain throughout his spine prevents him from engaging in prolonged physical activity such as sitting, standing, and lifting/carrying.** [Plaintiff] further explained that right upper extremity pain further limits his ability to lift and carry, as well as to reach overhead.

(AR, at 88-89) (emphasis added). The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 89). The ALJ noted:

> In this case, despite [Plaintiff's] allegations of radiating back pain, impaired upper extremity strength and dexterity, and **an inability to stand for prolonged periods**, the evidence of record does not fully support [Plaintiff's] allegations about the severity of these symptoms. As noted above, the record reveals that [Plaintiff] had full motor strength throughout his extremities (15F/7, 17F/8, 18F/10, 23F/11), normal gait (8F/19, 17F/8, 18F/10), and was

>   in no acute distress (8F/6, 17F/7, 18F/10).  Records also show that [Plaintiff] is a candidate for surgery to correct his disc bulges, but he has been unable to quit smoking cigarettes.  (17F/5, Hearing).  . . . . Furthermore, [Plaintiff] himself reported performing some largely independent daily activities, including mowing the lawn using a riding mower, operating a motor vehicle, and household chores such as washing the dishes.  (Hearing).  The undersigned finds that [Plaintiff's] allegations are inconsistent with the totality of the evidence of record.

(*Id*. at 90) (emphasis added).

Plaintiff argues that "the ALJ only adopted one of [Plaintiff's] reported limitations related to his back pain," namely "pain when standing for more than a few minutes," but "fail[e]d to address" why he did not adopt Plaintiff's other reported limitations, such as "his need to put his feet up when sitting." (Doc. 19, at 6-7).  First, the ALJ did not, as Plaintiff claims, "adopt" Plaintiff's testimony as a whole merely by finding that a combination of Plaintiff's "reports of spine pain" with "objective abnormalities documented" in MRI studies were inconsistent with a medical opinion recommending light work.  (*See* AR, at 90).  Rather, the ALJ properly considered Plaintiff's testimony in combination with the medical evidence in evaluating a medical opinion.  This did not somehow obligate the ALJ to fully credit all of Plaintiff's symptoms and to import all of Plaintiff's self-described limitations into the RFC.

In formulating the RFC, the ALJ explicitly considered Plaintiff's testimony that he could not sit or stand for a prolonged period. (*See above*, AR, at 89, 90).  Additionally, the ALJ stated he "considered all symptoms."  (AR, at 88).  "Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at [his] word." *Wall*, 561 F.3d at 1070 (internal quotation marks omitted); *see also Bales v. Colvin*, 576 Fed. App'x

792, 799 (10th Cir. 2014) ("Here, the ALJ thoroughly discussed the medical evidence, and there is no indication that, despite not expressly mentioning [the claimant's] other medical problems, the ALJ did not take them into account."). Indeed, "an ALJ is not required to quote each of a claimant's statements about each of [his] impairments in order to be recognized as acknowledging them." *Monique M. v. Saul*, 2020 WL 5819659, at *11 (D. Kan. Sept. 30, 2020); *see also Sanders v. Colvin*, 2015 WL 6034465, at *3 (W.D. Okla. Sept. 29, 2015) ("The ALJ was not required to expressly discuss every symptom-related allegation raised by Plaintiff in reaching the RFC determination."), *report and recc. adopted*, 2015 WL 6110557 (W.D. Okla. Oct. 15, 2015).

Nor did the ALJ improperly "omit[] any consideration or discussion of a sit/stand option" when formulating the RFC, including "the frequency of the individual's need to alternate sitting and standing when plaintiff is limited to light or sedentary work." (Doc. 19, at 5-6) (internal citation omitted). After weighing Plaintiff's testimony against the other record evidence, the ALJ formulated an RFC that did not include any limitations regarding the need to alternate sitting and standing (*see* AR, at 88), summarizing and citing to "evidence of record [that] does not fully support [Plaintiff's] allegations about the severity of these symptoms" (*see id*. at 90). Because the ALJ did not determine that a sit/stand limitation was necessary, the ALJ was not required to specify frequency for Plaintiff's periods of standing, walking, or sitting. *Compare Verstraete v. Astrue*, 2013 WL 238193, at *2 (D. Kan. Jan. 22, 2013) (finding the ALJ erred in failing to specify the frequency of plaintiff's need to alternate sitting, standing, and walking where RFC found plaintiff "must avoid prolonged sitting, standing and walking, and must be able to alternate position

periodically for comfort"). *See also Phillip A. D. v. Kijakazi*, 2021 WL 3487095, at *7 (N.D. Okla. Aug. 9, 2021) ("**If an ALJ determines that a sit/stand limitation is necessary**, '[t]he RFC must be specific as to the frequency of the individual's need to alternate sitting and standing.'") (quoting SSR 96-9P) (emphasis added).

Thus, the Court finds the ALJ properly considered Plaintiff's testimony regarding his back pain symptoms and supported the RFC with substantial evidence. Plaintiff's arguments amount to no more than a request to reweigh the evidence, which is not this Court's role. *Deherrera v. Comm'r, SSA*, 848 F. App'x 806, 810 (10th Cir. 2021). This Court must defer to the ALJ, who was entitled to resolve the evidentiary conflicts. *Allman*, 813 F.3d at 1333.

## VI.   Conclusion

For the reasons discussed above, the Court **AFFIRMS** the decision of the Commissioner.

ENTERED this 25th day of May, 2023.

*[signature: Amanda Maxfield Green]*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE